UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 13-05525-MWF (CWx)              Date:  November 19, 2013**
**Case No.  CV 13-6109-MWF(PLAx)**
Title:     Porshia Jones -*v*- Corelogic Credo, LLC, et al.
           Porshia Jones -*v*- Transunion LLC, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

           Deputy Clerk:                    Court Reporter:
           Rita Sanchez                      Not Reported

           Attorneys Present for Plaintiff:  Attorneys Present for Defendant:
           None Present                      None Present

**Proceedings (In Chambers):**   ORDER GRANTING IN PART AND DENYING IN
                                  PART MOTION TO DISMISS [8]; AND
                                  CONSOLIDATING RELATED ACTIONS
                                  PURSUANT FRCP 42(A)

     This matter is before the Court on the Motion to Dismiss (the "Motion"), filed
by Defendant Corelogic Credo, LLC on October 3, 2013.  (Docket No. 8).  The Court
reviewed and considered the papers on this Motion, and held a hearing on **November
18, 2013**.  For the reasons stated below, the Court **GRANTS IN PART** and **DENIES
IN PART** the Motion.  The Motion is granted *with leave to amend.*

     Plaintiff Porshia Jones initiated this action by filing a Complaint on July 31,
2013.  (Docket No. 1).  On October 3, 2013, Defendant Corelogic Credo, LLC
("Corelogic") filed this Motion.  (Docket No. 8).  On October 25, 2013, Ms. Jones filed
an Opposition to the Motion to Dismiss (the "Opposition").  (Docket No. 13).  On
November 4, 2013, Corelogic filed a Reply in Support of Motion to Dismiss Plaintiff's
Complaint with Prejudice (the "Reply").  (Docket No. 16).

     The Complaint alleges that Ms. Jones purchased a vehicle from Global Motors
of Houston ("Global") on October 6, 2008.  (Compl. ¶ 13).  Although Ms. Jones
alleges that she always made her payments on the vehicle, Global notified her, on or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 13-05525-MWF (CWx)**                **Date:  November 19, 2013**
**Case No. CV 13-6109-MWF(PLAx)**

Title:        Porshia Jones -*v*- Corelogic Credo, LLC, et al.
              Porshia Jones -*v*- Transunion LLC, et al.

about January 24, 2009, that she owed a balance of $6,000.00, which was more than 90 days past due.  (*Id.* at ¶¶ 13-14).

The Complaint also alleges that on May 6, 2013, Ms. Jones sent correspondence to Corelogic advising it that there was inaccurate information appearing on her Corelogic credit report, relating to the debt owed to Global.  (*Id.* at ¶ 8).  As Corelogic notes in the Motion, the May 6, 2013 date is clearly a "typographical error" (Mot. at 2 n.2), since Ms. Jones received the results of Corelogic's investigation into this inaccurate information on March 6, 2011.  (Compl. ¶ 16).  However, there is no information in the Complaint from which the Court can infer the actual date of Ms. Jones's initial correspondence to Corelogic.  The Complaint does twice allege, though, that in March 2011, Ms. Jones received a letter from Corelogic stating that it had completed an investigation and that the information on the credit report was appearing correctly.  (*Id.* at ¶¶ 9, 16).

According to the Complaint, on October 16, 2011, Ms. Jones spoke with Kris Carrier from Global who informed her that her file had been mistakenly mixed with another customer named Pamela R. Jones.  (*Id.* at ¶ 17).  Ms. Jones then alleges that she sent another correspondence to Corelogic asking that they reinvestigate her account and cease negative credit reporting.  (*Id.*at ¶ 18).  The Complaint alleges that "[t]o this day, [Corelogic] refuses to correct the information appearing on [her] credit summary." (*Id.* at ¶ 9).

The Complaint states two claims for relief against Corelogic.

First, the Complaint alleges that Corelogic violated the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786, *et seq.*, by continuing to report inaccurate identity information with regard to Ms. Jones, failing to conduct a reasonable investigation in response to Ms. Jones's reports of inaccurate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 13-05525-MWF (CWx)**          **Date:  November 19, 2013**
**Case No.  CV 13-6109-MWF(PLAx)**

Title:      Porshia Jones -*v*- Corelogic Credo, LLC, et al.
            Porshia Jones -*v*- Transunion LLC, et al.

information, and "having inefficient and unworkable procedures to procure, report, reinvestigate and verify consumer information."  (Compl. ¶ 10).

Second, the Complaint alleges that Corelogic violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, by failing to follow reasonable procedures to assure maximum possible accuracy of information in Ms. Jones' consumer report, failing to correct incomplete and/or inaccurate information in Ms. Jones's file, and having inefficient procedures for correct credit files.  (Compl. ¶¶ 20, 22).

## Motion to Dismiss

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Iqbal*, 556 U.S. at 678 (citation omitted).  "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008).

### *Statute of Limitations*

Corelogic argues that Ms. Jones's claims are barred by the two-year statute of limitations that apply to ICCRA, Cal. Civ. Code § 1786.52, and FCRA claims, 15 U.S.C. § 1681p(1).  (Mot. at 5-9).  The two-year statute of limitations for both ICCRA and FCRA claims begins running on the date of discovery by the plaintiff of the violation that serves as the basis for liability.  Cal. Civ. Code § 1786.52; 15 U.S.C. § 1681p(1).

Corelogic argues that the letter it allegedly sent to Ms. Jones on March 16, 2011 (Compl. ¶ 16), triggered the running of the statute of limitations.  (Mot. at 8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 13-05525-MWF (CWx)**              **Date:  November 19, 2013**
**Case No. CV 13-6109-MWF(PLAx)**
Title:      Porshia Jones -*v*- Corelogic Credo, LLC, et al.
            Porshia Jones -*v*- Transunion LLC, et al.

Therefore, Ms. Jones's claims expired on or before March 16, 2013, which was four months before the Complaint was filed on July 31, 2013.  (*Id.*).

     Ms. Jones argues that the two-year statute of limitations that applies to ICCRA and FCRA claims has not run, due to the continuing violation doctrine.  (Opp. at 4).

     Ms. Jones is correct that, with regard to FCRA claims, a number of cases have held that each transmission of a credit report containing inaccurate information is a separate tort, to which a separate statute of limitations applies.  *See Hyde v. Hibernia Nat'l Bank in Jefferson Parish*, 861 F.2d 446, 450 (5th Cir. 1988) (stating that "the confidential nature of a credit report necessarily means that each new issuance results in a distinct and separate injury"); *Whitesides v. Equifax Credit Info. Servs.*, 125 F. Supp. 2d 807, 812 (W.D. La. 2000) (stating "each transmission of the same credit report is a separate and distinct tort to which a separate statute of limitations applies").

     However, the principle applied to FCRA claims is distinct from "the continuing violation doctrine, which permits recovery 'for actions that take place outside the limitations period if these actions are sufficiently linked to unlawful conduct within the limitations period."  *Komarova v. Nat'l Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 343, 95 Cal. Rptr. 3d 880, 894 (2009) (applying the continuing violation doctrine to debt collection activities that violated California's Rosenthal Fair Debt Collection Practices Act).  The continuing violation doctrine, in other words, applies to revive violations that are otherwise outside of the statute of limitations.

     In contrast, in the context of FCRA, a new violation does not revive the statute of limitations for an older violation, but simply triggers a new statute of limitations. For example, in the case credited with first applying this FCRA principle, the Fifth Circuit stated, the "second issuance of the [credit] report was not, however, a continuing act, like the constant repetition of a nuisance, but was a discrete event." *Hyde*, 861 F.2d at 449.  Therefore,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-05525-MWF (CWx)              Date:  November 19, 2013
Case No.  CV 13-6109-MWF(PLAx)

Title:        Porshia Jones -*v*- Corelogic Credo, LLC, et al.
              Porshia Jones -*v*- Transunion LLC, et al.

[i]f [the plaintiff] was, indeed, injured in 1983, the 1983 and 1986 injuries
constituted two distinct harms: [the plaintiff] would have been denied a
particular credit in 1983 and denied yet another line of credit in 1986.  While
each injury resulted from [the credit reporting agency's] transmission of the
same erroneous credit files, [the agency's] later action inflicted a new injury on
[the plaintiff].

*Id.* at 450.

      Notably, the Fifth Circuit did not hold that the 1983 injury was revived by the
1986 injury.  The Fifth Circuit simply rejected the application of the "single
publication rule" to FCRA claims.  *Id.*  As applied to defamation claims, the single
publication rule provided that "the republication of the same defamatory material . . .
constitute[d] 'but one tort.' "  *Id.*; *see also Whitesides*, 125 F. Supp. 2d at 812
("Therefore, each time a potential creditor requested [the plaintiff's] credit report and
each time credit was denied based upon [inaccurate reported information], the statute
of limitations *began to run anew* for each potential harm.") (emphasis added).

      Although the parties have not cited to a Ninth Circuit case applying the FCRA
principles articulated in *Hyde*, other courts within this Circuit have applied the
reasoning in *Hyde*.  *See, e.g.*, *Fleischmann v. Care Credit*, No. CV 12-08032 DDP
FMOX, 2012 WL 6082893 (C.D. Cal. Dec. 6, 2012) (adopting and applying the
reasoning in *Hyde*); *Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1098 (D. Ariz.
2003) (recognizing and applying the reasoning in *Hyde* that "each transmission of the
same credit report is a separate and distinct tort to which a separate statute of
limitations applies").  Therefore, this Court follows the reasoning in *Hyde*.

      However, the difficulty with applying *Hyde* is that the Complaint lacks
specificity with regard to alleged dates of violations.  The only clear date in the
Complaint giving rise to liability is March 16, 2011, when Corelogic notified Ms.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 13-05525-MWF (CWx)**          **Date:  November 19, 2013**
**Case No. CV 13-6109-MWF(PLAx)**

Title:      Porshia Jones -*v*- Corelogic Credo, LLC, et al.
            Porshia Jones -*v*- Transunion LLC, et al.

Jones that it had completed its investigation into the information she disputed, found that the disputed information was correct, and continued to report the disputed information.  (Compl. ¶ 16).  As Corelogic points out, the statute of limitations expired on this violation on March 16, 2013.

Ms. Jones, however, argues that under *Hyde*, the Complaint is not barred by the statute of limitations because of two other allegations in the Complaint.  (Opp. at 4-5).

First, Ms. Jones argues that the statute of limitations has not run because the Complaint alleges that Corelogic continues to report "the derogatories," which the Court construes to mean the disputed information.  (Opp. at 4).  The Complaint alleges, "[t]o this day CORELOGIC refuses to correct the information appearing on [Ms. Jones's] credit summary."  (Compl. ¶ 9).  Although this allegation is only made in reference to the ICCRA claim, the Court can infer that Ms. Jones intended it to apply also to the FCRA claim.  Even inferring as such, this general allegation does not specify a particular ICCRA or FCRA violation, or injury to Ms. Jones, which occurred within the two-year statute of limitations.  *See, e.g.*, *Acton*, 293 F. Supp. 2d at 1098 (finding that a complaint does not trigger a new statute of limitations under the logic of *Hyde* and *Whitesides*, where "Plaintiff has not clearly identified any other claims arising under § 1681e(b)" of FCRA).  Therefore, the Court cannot find that the conclusory allegation that Corelogic fails to correct Ms. Jones's credit summary, to date, plausibly alleges a new ICCRA or FCRA violation, which would trigger a new statute of limitations.

Second, Ms. Jones also argues that the Complaint alleges a second violation, which occurred in October 2011.  (Opp. at 5).  The Complaint alleges that Ms. Jones "sent correspondence to CORELOGIC asking that they reinvestigate her account [sic] cease any negative credit reporting and remove her account form [sic] collection activity."  (Compl. ¶ 18).  Although the Complaint does not clearly allege that this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 13-05525-MWF (CWx)**               **Date:  November 19, 2013**
**Case No. CV 13-6109-MWF(PLAx)**

Title:     Porshia Jones -*v*- Corelogic Credo, LLC, et al.
           Porshia Jones -*v*- Transunion LLC, et al.

second request occurred in October 2011, it can be so inferred from the progression of events in the Complaint.

The key issue is whether Corelogic's response to this October 2011 request comprises the same or different injury, as its response to Ms. Jones's initial notice of dispute, which occurred sometime before March 2011.  If alleged violations stemming from the October 2011 request comprise different injuries, then they trigger a new statute of limitations.  It appears that the courts are split on this issue.

Corelogic argues that violations stemming from the October 2011 request do not trigger a new statute of limitations.  In support of its argument, Corelogic cites to cases that refused to allow additional notices of dispute regarding the same allegedly inaccurate information to restart the statute of limitations because "[t]o do so would allow plaintiffs to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency."  *Bittick v. Experian Information Solutions, Inc.*, 419 F. Supp. 2d 917 (N.D. Tx. 2006) (finding that where all of the alleged events in the Complaint occurred outside of the two-year statute of limitations, except for a second notice of dispute pertaining to the same inaccurate information as a previous notice of dispute, the second notice of dispute did not restart the two-year statute of limitations); *see also Hancock v. Charter One Mort.*, No. 07-15118, 2008 WL 2246042, at *2 (E.D. Mich. May 30, 2008) (stating that the plaintiffs' "subsequent dispute letters regarding the same erroneous information do not restart . . . the statute of limitations clock" because "[a] perpetual statute of limitations [was] not intended by the FCRA"); *Blackwell v. Capital One Bank*, No. 606CV066, 2008 WL 793476, at *3 (S.D. Ga. Mar. 25, 2008) (agreeing with the reasoning in *Bittick* and rejecting the plaintiff's argument that a new notice restarts the statutes of limitation if the credit reporting agency fails to properly investigate the new notice).

In contrast, Ms. Jones cites to cases in which courts have found that later notices of dispute relating to the same inaccurate information triggered new duties on the part

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 13-05525-MWF (CWx)**              **Date:  November 19, 2013**
**Case No. CV 13-6109-MWF(PLAx)**
Title:       Porshia Jones -*v*- Corelogic Credo, LLC, et al.
             Porshia Jones -*v*- Transunion LLC, et al.

of the credit reporting agency, and thus, triggered new statute of limitations.  *See Broccuto v. Experian Info. Solutions, Inc.*, No. 3:07CV782-HEH, 2008 WL 1969222 (E.D. Va. May 6, 2008) (stating that the court "cannot square the logic of [*Bittick* and *Blackwell*] with a plain reading of FCRA," and finding that "[t] he statute's construction creates a violation every time a consumer submits a dispute to a credit reporting agency and that agency or the relevant lender does not respond to the complaint as directed by the statute"); *Baratto v. Citizens Auto. Finance, Inc.*, No. 11–105 (MJD/LIB), 2011 WL 3678676, at *5 (Aug. 1, 2011) (finding that a "new and distinct claim arises each time that [the furnisher] fails to conduct a reasonable investigation in response to a dispute lodged by" the consumer).

      The parties have not cited to any cases from within this Circuit addressing whether a later filed notice of dispute, relating to the same inaccurate information as a prior notice, is an independent violation triggering a new statute of limitations.  This Court also has not independently found a binding case on point.  However, the Court has found Ninth Circuit precedent that impliedly supports Ms. Jones's reasoning.

      In *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009), the Ninth Circuit construed 15 U.S.C. § 1681s-2(b), which imposes certain duties on furnishers of information to consumer reporting agencies, when they have received notice of disputed information.  These duties include conducting a reasonable investigation and modifying or deleting information found to be inaccurate or incomplete.  *See* 15 U.S.C. § 1681s-2(b)(1)(A) & (E).  Although Corelogic is alleged to be a consumer reporting agency and a reseller of information, as opposed to a furnisher, FCRA imposes similar duties on consumer reporting agencies and resellers to investigate disputed information and to modify or delete inaccurate or incomplete information.  *See* 15 U.S.C. § 1681i.  Therefore, the Ninth Circuit's understanding of the duties that FCRA imposes on furnishers is instructive to the Court's understanding of the duties imposed on consumer reporting agencies and resellers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-05525-MWF (CWx)              Date:  November 19, 2013
Case No.  CV 13-6109-MWF(PLAx)
Title:      Porshia Jones -*v*- Corelogic Credo, LLC, et al.
            Porshia Jones -*v*- Transunion LLC, et al.

In *Gorman*, the plaintiff disputed information that appeared on his credit card account issued by MNBA America Bank ("MNBA").  *Gorman*, 584 F.3d at 1151.  He contacted MNBA directly once about the disputed information, and then later caused four notices regarding the same dispute to be sent to MNBA.  *Id.* at 1151, 1157.  Although the Ninth Circuit found that the furnisher could reasonably rely on its previous investigation of the dispute in responding to each new notice, the Ninth Circuit separately evaluated whether MNBA's response to each new notice was reasonable.  *Id.* at 1157-61.

Although *Gorman* may not be directly on point, it nonetheless indicates that each notice of dispute triggers a separate duty to investigate.  If each new notice triggers a new duty to investigate, then it is possible that each notice can give rise to a separate failure to conduct a reasonable investigation and a separate statute of limitations.  Therefore, the Court finds that Ms. Jones's allegation that Corelogic failed to conduct a reasonable investigation in response to her October 2011 request is not barred by the two-year statute of limitations.  However, as indicated above, the October 2011 request does not revive any alleged violations that exist outside of the statute of limitations.

With regard to the ICCRA claims, Ms. Jones simply cites case law that applies the continuing violation doctrine to the Rosenthal Fair Debt Collection Practices Act, as opposed to ICCRA.  (Opp. at 5).  The Court does not find this legal authority persuasive with regard to ICCRA claims.  Therefore, based on the analysis conducted above, ICCRA claims arising from the March 6, 2011 letter are also time-barred.  Neither party has presented arguments as to whether ICCRA claims arising from the October 2011 letter constitute new ICCRA violations.  However, the Court need not reach this issue.  As indicated below, Ms. Jones cannot maintain concurrent ICCRA and FCRA claims with regard to the same acts or omissions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 13-05525-MWF (CWx)**          **Date:  November 19, 2013**
**Case No. CV 13-6109-MWF(PLAx)**

Title:       Porshia Jones -*v*- Corelogic Credo, LLC, et al.
             Porshia Jones -*v*- Transunion LLC, et al.

---

### *Concurrent ICCRA and FCRA Claims*

Corelogic also argues that Ms. Jones's ICCRA claims should be dismissed because she cannot maintain a concurrent action for both ICCRA and FCRA claims. (Mot. at 9).  Ms. Jones does not dispute that she cannot obtain relief under both ICCRA and FCRA, but argues that the preemption provisions constitute an "election of remedies."  (Opp. at 6).  Ms. Jones requests that the Court defer ruling on whether she can recover under the FCRA or ICCRA claim until judgment, or alternatively, that the Court issue a stay on the state claim, rather than dismiss it.  (*Id.*).

FCRA provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . subsection 1681i, relating to," among other provisions, "any procedure related to the disputed accuracy of information in a consumer's file."  15 U.S.C. § 1681t(b)(1)(B).  Because the plain language of § 1681t(b)(1)(B) prohibits the application of state laws to Corelogic's procedures relating to the disputed accuracy of information in Ms. Jones's files, Ms. Jones cannot maintain state law claims against Corelogic for its alleged failure to conduct a reasonable investigation or its failure to correct information pursuant to that investigation.

Additionally, ICCRA states, "[a]ny investigative consumer reporting agency or use of information against whom an action brought pursuant to [15 U.S.C. §§ 1681n, 1681o] is pending shall not be subject to suit for the same act or omission under Section 1786.50."  Cal. Civ. Code § 1786.52.  Sections 1681n and 1681o of FRCA authorize suits for willful and negligent noncompliance, respectively.  *See* 15 U.S.C. §§ 1681n, 1681o.  Ms. Jones has alleged that Corelogic both negligently and willfully failed to conduct a reasonable investigation and to delete incomplete or inaccurate information.  (Compl. ¶ 20(a)-(d)).  ICCRA's plain language thus does not support Ms. Jones's contention that the preemption provision merely addresses an election of remedies.  The plain language prohibits Ms. Jones from "subject[ing]" Corelogic "to

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 13-05525-MWF (CWx)**                     **Date:  November 19, 2013**
**Case No. CV 13-6109-MWF(PLAx)**

Title:      Porshia Jones -*v*- Corelogic Credo, LLC, et al.
            Porshia Jones -*v*- Transunion LLC, et al.

suit for the same act or omission."  Cal. Civ. Code § 1786.52.  Moreover, Ms. Jones has not offered any legal authority allowing the Court to stay the state claim, while proceeding with the federal law claim.

Therefore, Ms. Jones cannot maintain her ICCRA claims because they are based on the same factual basis as her FCRA claims.  Accordingly, the Court dismisses Ms. Jones's ICCRA claims.

In the Reply, Corelogic argues for the first time that Ms. Jones's ICRAA claims should be dismissed because Corelogic is not an investigative consumer report within the meaning of the ICRAA, Cal. Civ. Code § 1786.2(c).  Although Corelogic appears to be correct on this point, the Court cannot consider this argument because Ms. Jones has not had an opportunity to respond to it.  *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("It is well established in this circuit that ' "[t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs." ' "); *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001) *aff'd*, 36 Fed. App'x 612 (9th Cir. 2002) (stating that an "argument [that] was not presented in [the defendants'] moving papers . . . should not be considered now, as it is improper for a party to raise a new argument in a reply brief").  Moreover, Ms. Jones's ICCRA claims can be dismissed on a different basis.

Accordingly, the Court **GRANTS IN PART** the Motion and **DISMISSES** (1) Ms. Jones's claims for relief arising from the March 16, 2011 letter, as well as any other actions that occurred prior to July 31, 2011, and (2) Ms. Jones's ICCRA claims. The Court grants the Motion ***with leave to amend.***

However, the Court **DENIES IN PART** the Motion, as to Ms. Jones's FCRA claims for relief arising from the October 2011 request.  Plaintiff is free, of course, not to amend and to proceed simply in the FCRA claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 13-05525-MWF (CWx)**          **Date:  November 19, 2013**
**Case No. CV 13-6109-MWF(PLAx)**
Title:       Porshia Jones -*v*- Corelogic Credo, LLC, et al.
             Porshia Jones -*v*- Transunion LLC, et al.

## Consolidation of Actions

At the hearing held on November 18, 2013, the Court also inquired into whether there was any reason why *Porshia Jones v. Transunion LLC, et al.*, Case No. CV-13-06109-MWF (PLAx), should not be consolidated with this action.  The parties did not express any objections to consolidation.

Federal Rule of Civil Procedure 42(a) allows the Court to consolidate actions that "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  "The district court has broad discretion under this rule to consolidate cases pending in the same district."  *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

"The threshold issue . . . is whether the actions involve common facts or legal issues."  *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).  Here, both actions were filed by Ms. Jones.  Both actions arise out of the same underlying facts, stemming from the allegedly inaccurate reporting of Ms. Jones's debt to Global Motors as delinquent.  Both actions allege claims under FCRA and ICCRA.  The later filed action, Case No. 2:13-cv-06109-MWF (PLAx), alleges one additional claim under the Fair Debt Collection Practices Act, but that claim also stems from the same facts as the credit reporting claims.  Therefore, the two actions involve common facts and legal issues.

In determining whether to consolidate, "a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation."  *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028-29 (N.D. Cal. 2003).  The interest of economy and judicial convenience favor consolidation because the two actions would involve the same discovery efforts and similar motions.  Moreover, consolidation would not delay, confuse, or cause

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 13-05525-MWF (CWx)**               **Date:  November 19, 2013**
**Case No. CV 13-6109-MWF(PLAx)**
Title:      Porshia Jones -*v*- Corelogic Credo, LLC, et al.
            Porshia Jones -*v*- Transunion LLC, et al.

prejudice, since both actions involve the same underlying factual basis and overlapping claims for relief.

Accordingly, Case No. CV-13-06109-MWF (PLAx), is hereby **CLOSED** and **CONSOLIDATED** with this action, **Case No. CV-13 -05525-MWF (CWx)**.  The actions are consolidated for all purposes, including discovery, pretrial proceedings, and trial.  Going forward, the parties shall make all filings in Case No. CV-13-05525-MWF (CWx) **only**.

IT IS SO ORDERED.