FILED

1  Robert F. Brennan, Esq. [S.B. #132449]
   LAW OFFICES OF ROBERT F. BRENNAN, A P.C.
2  3150 Montrose Ave.
   La Crescenta, Ca. 91214
3  [818] 249-5291
   FAX [818] 249-4329
4  Email: rbrennan@brennanlaw.com

5  Attorney for: Plaintiff Porshia Jones

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORSHIA JONES, an Individual;<br><br>    Plaintiff,<br><br>    vs.<br><br>TRANSUNION LLC, is a Corporation; EXPERIAN INFORMATION SOLUTIONS INC, is a Corporation; GLOBAL MOTORCARS OF HOUSTON, an unknown business entity; SKY RECOVERY SERVICES, is a business entity form unknown; CORELOGIC CREDCO LLC, a business entity, form unknown, and DOES 2-10, Inclusive,<br><br>    Defendants. | Case No.: **CV 13-05525-MWF (CWx)**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>1. FAIR CREDIT REPORTING ACT.<br>2. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT.<br>3. FAIR DEBT COLLECTION PRACTICES ACT.<br><br>JURY TRIAL DEMANDED. |

Plaintiff alleges:

   1. Plaintiff PORSHIA JONES ("Plaintiff") is a resident of County of Los Angeles, State of California.

   2. Defendants TRANSUNION LLC ("TRANSUNION"), and EXPERIAN INFORMATION SOLUTIONS ("EXPERIAN) are business entities, forms

---

FIRST AMENDED COMPLAINT FOR DAMAGES

unknown, doing business in the State of California as credit bureaus which receive negative credit information about consumers and which then publish such information in credit reports available to its subscribers. Collectively, these defendants will be referred to as "credit bureau defendants" or "credit agency defendants". GLOBAL MOTORCARS OF HOUSTON ("GLOBAL") is a used car dealership which, among other activities reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act. SKY RECOVERY SERVICES ("SKY") is a collection agency which, among other activities, reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

2A. Defendant CORELOGIC CREDCO LLC ("CORELOGIC") is a business entity doing business within the State of California. On information and belief, CORELOGIC is a credit bureau and/or a reseller of credit information in the form of "tri-merge" reports. In previous pleadings, CORELOGIC has been referred to as "Doe 1".

3. Defendants DOES 2-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 2-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does

FIRST AMENDED COMPLAINT FOR DAMAGES

1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

    a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

    b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

    c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

    d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

    e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

    f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and

FIRST AMENDED COMPLAINT FOR DAMAGES

capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, TRANSUNION and EXPERIAN and each of the credit bureau defendants who are "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about October 6, 2008, Plaintiff purchased a vehicle from Global Motors of Houston (GLOBAL). Plaintiff financed the vehicle through Wachovia who later became Wells Fargo Bank. Plaintiff continues to make her payments on

a timely basis to Wells Fargo Bank.

9. On or about January 24, 2009, Global Motors of Houston sent Plaintiff a final notice that she owed them a balance of $6,000.00 and that her account was more than 90 days past due.

10. On or about February 25, 2009, Plaintiff received a collection letter from SKY RECOVERY SERVICES demanding $8,100.00.

11. On or about March 16, 2011, Plaintiff received correspondence form Corelogic stating that they had completed the investigation that Plaintiff had initiated regarding the SKY collection account. This report stated that TRANSUNION and EXPERIAN verified that the SKY account was appearing correctly on Plaintiff's credit report.

12. On or about October 16, 2011, Plaintiff communicated with Kris Carrier from GLOBAL. Mr. Carrier was the salesman who sold the vehicle to Plaintiff. Mr. Carrier explained to Plaintiff that her file had been mistakenly mixed with another Global customer by the name of Pamela R. Jones and that he would take care of correcting her file.

13. On or about July 2012, Plaintiff sent certified return receipt requested correspondence to TRANSUNION, EXPERIAN and Equifax disputing the SKY collection account.

14. On or about August 6, 2012, Equifax responded to Plaintiff's dispute indicating that the SKY account was no longer appearing on her credit profile.

15. On or about August 9, 2012, EXPERIAN responded to Plaintiff's dispute indicating the SKY account would remain unchanged from their processing of Plaintiff's dispute.

16. On or about August 16, 2012, TRANSUNION responded to Plaintiff's dispute stating the SKY account was verified and would remain on her credit profile.

17. Defendants, TRANSUNION, EXPERIAN and SKY have refused, despite Plaintiff's phone calls and letters to acknowledge that she was not responsible for the SKY account.

18. Plaintiff sent correspondence to TRANSUNION, EXPERIAN and SKY asking that they reinvestigate her account cease any negative credit reporting and remove her account form collection activity. Only non-party Equifax complied with plaintiff's request to cease the derogatory credit reporting. On information and belief, one or more of the credit bureaus sent dispute notices to SKY, thereby activating SKY'S obligations to plaintiff under the Fair Credit Reporting Act.

18A. **Allegations as to CORELOGIC:** On or about October 6, 2008, Plaintiff purchased a vehicle from Global Motors of Houston (GLOBAL). Plaintiff financed the vehicle through Wachovia who later became Wells Fargo Bank. Plaintiff has always and continues to make her payments on a timely basis to Wells Fargo Bank.

18B. On or about January 24, 2009, Global Motors of Houston sent Plaintiff a final notice that she owed them a balance of $6,000.00 and that her account was more than 90 days past due.

18C. On or about February 25, 2009, Plaintiff received a collection letter from Sky Recovery Services demanding $8,100.00.

18D. On or about March 16, 2011, Plaintiff received correspondence form CORELOGIC stating that they had completed the investigation that Plaintiff had initiated regarding the Sky collection account. This report stated that the Sky account was appearing correctly on Plaintiff's credit report.

18E. On or about October 16, 2011, Plaintiff communicated with Kris Carrier from GLOBAL. Mr. Carrier was the salesman who sold the vehicle to Plaintiff. Mr. Carrier explained to Plaintiff that her file had been mistakenly mixed with another Global customer by the name of Pamela R. Jones and that he would

FIRST AMENDED COMPLAINT FOR DAMAGES

1 take care of correcting her file.

2     18F. On or about May of 2013, plaintiff sent correspondence to CORELOGIC asking that they reinvestigate her account cease any negative credit reporting and remove her account form collection activity. However, CORELOGIC refuses to correct the patent errors in plaintiff's CORELOGIC reports.

7     19. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from her credit reports. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

12     20. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

15     a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

18     b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

21     c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

24     d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants; and,

28

e. By willfully and negligently failing to follow the provisions of 1681c-1 and c-2 with respect to the rights, duties and obligations of identity theft victims who notify creditors and credit bureaus of the identity theft situation.

21. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

22. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST GLOBAL, SKY, CORELOGIC AND DOES 2-10, INCLUSIVE.

23. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

24. Within two years prior to the filing of the complaint in this action, defendants GLOBAL, SKY, CORELOGIC and DOES 2-10, Inclusive, both

willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

25. By willfully and negligently furnishing to credit reporting agencies information about the Plaintiff which Defendants GLOBAL, SKY, CORELOGIC and DOES 2-10, Inclusive knew, or should have known, was incomplete or inaccurate due to a mixed file error.

26. Each of the Defendants GLOBAL, SKY, CORELOGIC and DOES 2-10, Inclusive willfully and negligently failed in their obligations to reinvestigate and correct the derogatory marks in Plaintiff's credit reports. Plaintiff alleges that each of the Defendants GLOBAL, SKY, CORELOGIC and DOES 2-10, Inclusive' policies and practices hinder and obstruct adequate and meaningful reinvestigations, and that each defendant knows of this effect of its policies and practices.

27. As a proximate result of the willful and negligent actions of the Defendants GLOBAL, SKY, CORELOGIC and DOES 2-10, Inclusive, and each of them, Plaintiff has suffered both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, Plaintiff is entitled to actual damages, loss of wages, damage to credit reputation, pain and suffering, costs and attorney fees. Plaintiff is also entitled to punitive damages and statutory penalties for willful violations of the California Consumer Credit Reporting Agencies Act.

### THIRD CAUSE OF ACTION
### VIOLATION OF FEDERAL FAIR DEBT COLLECTION
### PRACTICES ACT AGAINST SKY AND DOES 2-10, INCLUSIVE

28. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

---

FIRST AMENDED COMPLAINT FOR DAMAGES

29. In debt collecting and in continuing their debt collection activities against plaintiff, particularly after receiving notice that they were debt collecting on the wrong person, defendants SKY and DOES 2-10, Inclusive, have violated the federal Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq.

30. Specifically, plaintiff alleges that SKY and DOES 2-10, Inclusive, violated the following provisions of federal FDCPA:

    a. 15 U.S.C. Section 1692d: SKY, and DOES 2-10, Inclusive, engaged in debt collection efforts after they knew, and had determined, that it had no basis for continuing to charge Plaintiff for the accounts at issue. This had the natural consequence of harassing, abusing and oppressing Plaintiff.

    b. 15 U.S.C. Section 1692e: SKY and DOES 2-10, Inclusive, have threatened action, or taken action, including threats of credit reporting, threats of lawsuits and implicit or explicit threats of derogatory credit reporting, that cannot legally be taken because the debt is not plaintiff's debt.

    c. 15 U.S.C. Section 1692f: SKY and DOES 2-10, inclusive, have each used unfair or unconscionable means to collect or attempt to collect the alleged debt. Specifically, each has attempted to collect amounts not expressly authorized by law or by agreement.

31. The above is a non-exclusive list of violations of 15 U.S.C. Sections 1692d, 1692e and 1692f.

32. As a consequence of the violations of FDCPA by SKY and DOES 2-10, Inclusive, plaintiff has suffered general and special damages according to proof, and is entitled to any available statutory remedy for such willful violations. Plaintiff is also entitled to her attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;
4. For attorney's fees where authorized by statute or law;
5. For costs of suit;
6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: December 27, 2013  LAW OFFICES OF ROBERT F. BRENNAN, A P.C.

By: _____
Robert F. Brennan
Attorney for Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES

PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3150 Montrose Avenue, La Crescenta, CA 91214.

On **January 13, 2014**, I served the foregoing documents described as **FIRST AMENDED COMPLAINT** on parties in this action,
on parties in this action,

[ x ] By USPS Mail:

Peter Todd Snow
O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, CA 94025
650-473-2600
650-473-2601 (fax)
psnow@ficlaw.com

Donald E. Bradley
MUSICK PEELER AND GARRETT LLP
650 Town Center Drive Ste 1200
Costa Mesa CA 92626-1925
Tel: 714-668-2400
Fax: 714-668-2490
Email: d.bradley@mpglaw.com

Nilab N. Rahyar
JONES DAY
3161 Michelson Drive Ste. 800
Irvine CA 92612-4408
Tel: 949-851-3939
Fax: 949-553-7539
Email: nnrahyar@jonesday.com

Philip Olu Falese
LAW OFFICES OF PHILIP FALESE
6100 Center Drive Ste. 1200
Los Angeles CA 90045
Tel: 310-568-8500
Fax: 310-600-8462

[ ] *I deposited such envelope in the mail at La Crescenta, California. The envelope was mailed with postage thereon fully prepaid.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **January 13, 2014**, at La Crescenta, California

Isabel Grubbs